JAMES J. IRWIN *vs.* MUNICIPAL COURT OF THE BRIGHTON DISTRICT OF THE CITY OF BOSTON.

Suffolk.   April 9, 12, 1937. — September 16, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Elections. Pleading, Civil,* Demurrer. *Certiorari. Words,* "May."

Demurrer is a proper pleading to a petition for a writ of certiorari.
Whether or not to hold an election inquest in response to a complaint under G. L. (Ter. Ed.) c. 55, § 39, lies in the discretion of the District Court.
A petition for a writ of certiorari respecting a refusal by a District Court to hold an election inquest under G. L. (Ter. Ed.) c. 55, § 39, was dismissed on demurrer since its allegations did not show that the District Court did not exercise discretion in reaching its decision.

---

* It appeared that such insurance charges, taxes and water rates had been paid by the plaintiff. — REPORTER.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on May 18, 1936.

A demurrer to the petition was heard by *Pierce*, J.

*J. J. Irwin, pro se.*

*J. J. Ronan,* Assistant Attorney General, for the respondent.

QUA, J. This petition for a writ of certiorari sets forth a copy of a complaint subscribed and sworn to by the petitioner before the respondent, under G. L. (Ter. Ed.) c. 55, § 39, alleging that many corrupt practices were committed in violation of law in connection with a special primary held on February 25, 1936, and a special election held on March 10, 1936, to fill a vacancy in the office of representative to the General Court, and praying that the court hold an inquest in accordance with the statute. The petition further avers that the respondent denied the prayer of the complaint upon certain erroneous rulings of law. A single justice of this court has sustained the respondent's demurrer to the petition and dismissed the petition.

The demurrer was a proper pleading. *Webster* v. *Alcoholic Beverages Control Commission,* 295 Mass. 572.

For the purposes of this decision it is unnecessary to recite in further detail the charges of the original complaint or the allegations of the petition for certiorari specifying the rulings of law which are claimed to have been erroneous. We think it fairly appears from the petition itself that the alleged errors are all based upon statements contained in a letter sent to the petitioner under date of May 12, 1936, by the clerk of the respondent court. A copy of this letter is annexed to the petition. In it the clerk states that he is "directed by the Court to say that the complaint for the most part has to do with the expenditures of money made by the Campaign Committee and that inasmuch as the law places no limitation upon the amount of money to be expended by the said Committee that portion of your complaint appears to be without foundation." The letter goes on to say that "The allegation set forth in the remainder of the complaint is so general and vague and unsupported by statements of any witnesses whatsoever that it would

appear to be the Court's duty to decide not to hold an inquest in the matter." It is further stated that if certain violations of law have occurred, the remedy is by criminal complaint.

G. L. (Ter. Ed.) c. 55, § 39, under which the original complaint was filed, permits "any person" to institute before a district court a complaint alleging reasonable ground to believe that the election laws have been violated and provides that "such court or justice may at once hold an inquest to inquire into such alleged violation of law." It seems plain that this statute was intended to give to the judges of the district courts power to hold election inquests when the public interests seem to require that an inquest be held, but to leave it to their discretion, as judicial officers, in each instance whether to hold such inquest or not. It could not have been intended that "any person" could compel the holding of an inquest whenever he saw fit. The word "may" commonly imports discretion. *Cheney* v. *Coughlin*, 201 Mass. 204, 211–212. *Dascalakis* v. *Commonwealth*, 244 Mass. 568. *Dowling* v. *Assessors of Boston*, 268 Mass. 480, 488. There is nothing to suggest that it has a different signification here. On the contrary, the words "may" and "shall" are both used, apparently by way of contrast, in the immediately following §§ 40–44, inclusive, which relate to the same subject matter. It necessarily follows that the utmost relief which this court could give to the petitioner in any form of proceeding would be to require the respondent to exercise his discretion as to whether or not he would hold an inquest. See *Channell* v. *Judge of the Central District Court of Northern Essex*, 213 Mass. 78.

But we think that the petition for certiorari fails to show that he has not already exercised his discretion against the holding of an inquest. We think it would be going too far to say that statements of the kind hereinbefore indicated contained in a letter written by the clerk to the complainant at the direction of the judge and so far as appears never filed or made a matter of record in court in any way were rulings of law which constituted the sole basis of the judge's

decision and of themselves without more prove that he did not deny the inquest on discretionary grounds.

In the view which we take of the case the petition for certiorari was demurrable for the reason stated, and it is unnecessary to inquire whether the so called "rulings" contained in the letter were erroneous.

It seems very doubtful whether in any event the interest of a person bringing a complaint under § 39 extends beyond the bare right to present the complaint to the district court. See §§ 40–44; *McGlue* v. *County Commissioners*, 225 Mass. 59; *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577, 585. But on this we express no opinion.

*Exceptions overruled.*