CAMBRIDGE TAXI COMPANY *vs.* CITY MANAGER OF CAMBRIDGE & others.

Middlesex.   November 4, 1947. — December 3, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations,* By-laws and ordinances.  *Cambridge.   Taxicab. Words,* "May."

An ordinance of the city of Cambridge stating the "maximum price or rates of fare which drivers . . . [of motor taxicabs] may charge and demand," when amended by striking out the word "maximum," fixed a single rate from which operators could not lawfully deviate in either direction.

The word "may" does not always imply discretion.

Under G. L. (Ter. Ed.) c. 40, § 22, a city has power by ordinance to fix a single rate of fare for operators of motor taxicabs from which they may not lawfully deviate in either direction.

BILL IN EQUITY, filed in the Superior Court on April 3, 1947.

The case was heard by *Forte,* J., who reported it without decision.

*E. A. Counihan, Jr.,* (*T. F. Quinn* with him,) for the plaintiff.

*J. A. Daly,* City Solicitor, for the defendants.

QUA, C.J.   This is a bill in equity to enjoin certain officers of the city of Cambridge from enforcing an ordinance of the city so as to interfere with the plaintiff's operation of its taxicabs at rates less than those set forth in the ordinance, and to have the ordinance declared invalid in so far as it purports to fix minimum rates for so called "motor taxicabs."

The plaintiff's contentions are that the ordinance should not be construed as fixing minimum rates, and that if it is so construed it goes beyond the power conferred upon the city by the enabling act.   Since we think these contentions cannot be maintained, we need not consider whether a bill in equity is the proper remedy.   See *Greene* v. *Mayor*

*of Fitchburg*, 219 Mass. 121, 127; *Shuman* v. *Gilbert*, 229 Mass. 225, 227–228; *Kenyon* v. *Chicopee*, 320 Mass. 528, 535.

Prior to March 10, 1947, the General Ordinances of Cambridge provided in c. 34, § 28, that the "maximum price or rates of fare which drivers . . . may charge and demand" for "motor taxicabs" should be forty cents for the first half mile or fraction thereof and ten cents for each quarter mile thereafter. On that date the plaintiff established a lesser rate for its cabs, which it could properly do, since the ordinance then fixed only the maximum rate. But on March 31, 1947, the city amended the ordinance by striking out the word "maximum" and providing that the "price or rates of fare which drivers . . . may charge and demand" should be twenty-five cents for the first two fifths of a mile or fraction thereof and five cents for each one fifth of a mile thereafter. This was a higher rate than that established by the plaintiff for its cabs. The plaintiff desires to continue its lower rates in effect. The defendants insist that the ordinance as amended establishes a fixed rate to which all cab operators must conform, and that none is at liberty to charge either higher or lower rates than that established.

As a matter of construction of the amended ordinance we think that the defendants' position is sound. The amendment expressly struck out the word "maximum" and established a single rate without qualification of any kind. The plaintiff argues that the word "may" implies a discretion to charge a lower rate, but we think that taking that word with its context, and in view of the striking out of the word "maximum," the meaning is that cab operators "may" charge the fixed rate and may *not* charge any other rate. The word "may" does not always imply discretion. *Worcester* v. *Schlesinger*, 16 Gray, 166, 168. *O'Connell* v. *Cambridge*, 258 Mass. 203. *Brennan* v. *Election Commissioners of Boston*, 310 Mass. 784, 785–786.

The city had power to enact the ordinance fixing the single rate from which cab operators cannot deviate in either direction. General Laws (Ter. Ed.) c. 40, § 22, enabling a

city or town to make ordinances "for the regulation of carriages and vehicles used therein" and referring to a fee of $1 annually "for each license granted" has been construed broadly to authorize the city or town to set up licensing systems for hackneys and taxicabs and to fix the rates to be charged. *Commonwealth* v. *Gage,* 114 Mass. 328. *Commonwealth* v. *Page,* 155 Mass. 227. *Commonwealth* v. *Rice,* 261 Mass. 340, 344. There is nothing in the statute or in the decisions limiting the power of the city or town to the fixing of maximum rates only. There may be important reasons for fixing a single rate below which the operator cannot go. Among such reasons might be the prevention of cutthroat rates, the assurance that the field would not be monopolized by a few concerns, and the making of the business sufficiently lucrative to attract an adequate number of well maintained and safely operated cabs.

*Bill dismissed.*