TURNPIKE AMUSEMENT PARK, INC. *vs.* LICENSING
COMMISSION OF CAMBRIDGE.

Middlesex.    November 9, 1961. — January 5, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Automatic Amusement Device.   License.   Words, "May."*

Under G. L. c. 140, § 177A, providing that the licensing authority of a
municipality "may grant" licenses for the operation of specified auto-
matic amusement devices, the grant of a license is not mandatory upon a
determination that an applicant is a suitable person, but is discretionary
after consideration also of the welfare of the community.   [436–438]

G. L. c. 140, § 177A, does not empower the licensing authority of a munici-
pality to determine not to grant any licenses whatsoever for the opera-
tion of automatic amusement devices therein, but requires the authority
to exercise its discretion upon each application for a license.   [438]

BILL IN EQUITY, filed in the Superior Court on January 27,
1960.

The suit was heard by *Wisnioski,* J.

*Walter H. McLaughlin, (Arthur M. Gilman* with him,)
for the plaintiff.

*Mosier B. Goldberg,* Assistant City Solicitor, for the de-
fendant.

SPIEGEL, J.   The plaintiff brings this bill in equity under
G. L. c. 231A against the licensing commission of the city
of Cambridge for a decree declaring that the plaintiff "is
entitled to be granted licenses for the maintenance and
operation of pinball machines at its place of business in the
City of Cambridge, pursuant to the provisions of G. L.
c. 140, § 177A,"[1] and "that the defendant does not have the

---

[1] General Laws c. 140, § 177A, paragraphs (1) and (2) provide as follows:
"(1) The licensing authorities of any city or town may grant, and after
written notice to the licensee, suspend or revoke a license to keep and operate
an automatic amusement device for hire, gain or reward, approved by the
director of standards and necessaries of life under section two hundred and
eighty-three of chapter ninety-four.   (2) The term 'automatic amusement
device' as used in this section shall be construed as meaning any mechanism

authority or power to refuse to grant licenses for the operation and maintenance of pinball machines to qualified individuals in the City of Cambridge.'' The court entered a decree favorable to the defendant from which the plaintiff appeals. The evidence is reported.

There was evidence of the following facts: The plaintiff is engaged in the operation of a bowling alley and also maintains a restaurant, coffee shop and certain amusement games on its premises. Prior to January 1, 1960, it operated and maintained ''pinball machines with free plays'' pursuant to licenses issued by the defendant licensing commission. Prior to the close of the calendar year 1959, the plaintiff applied to the commission for a renewal of its licenses to operate these machines. The commission by letter dated January 7, 1960, notified the plaintiff's attorney that ''No pinball machines of any type will be licensed for 1960.'' The commission has refused to renew or to issue licenses to anyone for the year 1960 for the operation of pinball machines.

The decree declared that: ''1. The provisions of § 177A, c. 140, Massachusetts General Laws, are permissive and not mandatory as to the defendant licensing authority. 2. The provisions of § 177A, c. 140, do not require that the defendant grant any licenses thereunder but only prescribed the manner in which such licenses shall be granted if the defendant issues any for the devices covered. 3. Accordingly the plaintiff is not under the said law entitled to any license as of right if the defendant determines not to license such devices. 4. The action of the defendant in determining not to issue licenses under provisions of the said law is within the authority and power delegated to the defendant by the law and violates no constitutional right of the plaintiff.''

The plaintiff contends that under G. L. c. 140, § 177A, the commission had no authority to adopt a policy of denying

whereby, upon the deposit therein of a coin or token, any apparatus is released or set in motion or put in a position where it may be set in motion for the purpose of playing any game involving, in whole or in part, the skill of the player, including, but not exclusively, such devices as are commonly known as pinball machines including free play pinball machines.''

all licenses for the operation of free play pinball machines and that its discretion is limited to determining the individual fitness of the applicant. Under this view of the statute the commission would be compelled to issue licenses to all applicants, assuming they are proper persons, without regard to the intended location of the machines, the number of machines in a given area, or any other consideration which the commission might deem pertinent to the issuance of a license. This contention cannot be sustained.

Places of public amusement are affected with the public interest. *Opinion of the Justices,* 247 Mass. 589, 595. "The right to require licenses is based on the conception that places of public amusement may require supervision by public authorities to the end that they may not degenerate and become obnoxious to the public welfare." *Jaffarian* v. *Building Commr. of Somerville,* 275 Mass. 267, 271. In *Marchesi* v. *Selectmen of Winchester,* 312 Mass. 28, 30, a case involving the licensing of a bowling alley, it was said that the local licensing authorities ". . . who may be assumed to be familiar with local conditions and with what will best serve the public interests of their communities, are granted broad discretionary powers." The statute in that case, G. L. c. 140, § 177, provided that the local authorities ". . . may grant and may suspend or revoke at pleasure a license . . . to a person to keep a billiard, pool or sippio table or a bowling alley for hire, gain or reward, upon such terms and conditions as they deem proper . . ." and the court upheld the denial of a license thereunder.

The wording of § 177A of G. L. c. 140 does not require the conclusion that local authorities must issue licenses for the operation of automatic amusement devices regardless of their effect upon the welfare of the community. The language of the statute is that ". . . licensing authorities . . . may grant . . ." licenses. The word "may" in a statute commonly imports discretion. *Dascalakis* v. *Commonwealth,* 244 Mass. 568, 569. *Irwin* v. *Municipal Court of the Brighton Dist. of Boston,* 298 Mass. 158, 160. There is nothing in the general context of the statute or the purpose

for which it was enacted that requires a different construction. See *O'Connell* v. *Cambridge,* 258 Mass. 203, 205; *Cambridge Taxi Co.* v. *City Manager of Cambridge,* 322 Mass. 108, 109. Section 177A of c. 140 of the General Laws is discretionary rather than mandatory in so far as it relates to the issuance of licenses by local authorities.

The defendant has determined that no pinball machines would be licensed. It contends that such a determination is authorized under G. L. c. 140, § 177A. The statute does not empower local licensing authorities to make such an overall denial. Section 177A was enacted to permit the use and maintenance of pinball machines and other automatic amusement devices if duly licensed and used for amusement only. *Commonwealth* v. *Macomber,* 333 Mass. 298, 301. Local authorities may deny a particular license if in their discretion they find that the general good, order and welfare of the community so require. They cannot, however, act in an unreasonable or arbitrary manner and must consider and determine each application ". . . on its own set of facts." *Mosey Cafe, Inc.* v. *Licensing Bd. for Boston,* 338 Mass. 199, 205.

The decree is reversed. The following decree is to be entered:

1. The provisions of G. L. c. 140, § 177A, require the defendant to act upon each application for a license.

2. Under G. L. c. 140, § 177A, the defendant has discretion to determine whether a license shall issue.

3. The defendant's discretion is not limited to determining whether the applicant is a suitable person. The defendant may deny a license if in its discretion it finds that the general good, order and welfare of the community so require.

4. The plaintiff is not, under § 177A, entitled as of right to a license.

*So ordered.*