Mary MULLINS, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 81-3238.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs May 20, 1982.

Decided June 22, 1982.

Daniel Manring, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

Joseph Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and GUY,* District Judge.

PER CURIAM.

Mary Mullins appeals the District Court's order affirming the Secretary's decision terminating her social security disability benefits. Mrs. Mullins had received benefits from September 1974 to June 1978. The evidence supporting her claim revealed lower back pain and some mental impairment. Her benefits ceased after Dr. Korb examined her and found her to be in relatively good physical and mental condition. On appeal, Mrs. Mullins argues that Dr. Korb's report is inadequate evidence upon which to base the termination decision.

■ The standard in a termination case is, as in all other social security cases, whether the Secretary's decision is supported by substantial evidence. *Myers v. Richardson*, 471 F.2d 1265, 1267, 1268 (6th Cir. 1972). Our task is not to reweigh the evidence. That is solely the province of the Secretary. *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975). Instead we must determine if there is present here "such relevant evidence as a reasonable mind would accept as adequate to support a con-

* Honorable Ralph B. Guy, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

clusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Dr. Korb's report easily satisfies that standard because his medical conclusions lead directly to the inference that Mrs. Mullins is capable of performing substantial gainful activity. The focus on her appeal is not so much on the insufficiency of his report *per se*, but on the failure of the Secretary to obtain updated reports from the physicians who originally supported Mrs. Mullins' disability claim. She cites *Marker v. Finch*, 322 F.Supp. 905 (D.Del. 1971) for the proposition that a termination decision must be based upon updated reports by the physicians whose findings resulted in the initial disability determination. We are not bound by that lower court decision nor do we find support for such a rule in the relevant authorities. Neither Congress nor the Supreme Court has ever specified any source from which evidence of employment ability or disability must emanate. Instead only substantial evidence has been required in order to give proper deference to those charged with administering the social security programs. To order the Secretary to obtain reports from certain physicians would interfere with that program on a level not contemplated by that legal standard. Mrs. Mullins has offered no evidence questioning the competence or relevance of Dr. Korb's report. Therefore, it stands as substantial evidence upon which the Secretary's decision may be founded.

Judgment affirmed.