**MALDEN AMUSEMENT COMPANY, INC., Plaintiff,**

v.

**CITY OF MALDEN, Thomas Fallon, as Mayor of the City of Malden, and City Council of Malden, Defendants.**

Civ. A. No. 82–1840–S.

United States District Court,
D. Massachusetts.

Jan. 25, 1983.

Richard J. White, Boston, Mass., for plaintiff.

Jordan L. Shapiro, Malden, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The parties are before this court on plaintiff's motion for partial summary judgment. Plaintiff Malden Amusement Company, Inc. ("Amusement Company") raises several federal and state constitutional challenges to the Revised Ordinance of the City of Malden, c. 13, § 34(2) and to M.G.L. c. 140, § 177A, arising out of the denial of its application for a license to operate fifty (50) video machine devices in Malden Square. Plaintiff names the City of Malden, its mayor, Thomas Fallon, and the City Council of Malden as defendants.

■ The Amusement Company had originally applied in May, 1982 for a license to operate its video amusement center. On or about June 2, 1982, the Malden City Council passed an amendment to Malden Revised Ordinances restricting licenses for five or more video games to where the video games would be for a "purpose accessory to or incidental to only recreational business use" and limited each such licensee to a maximum of 25 video games. On June 15, 1982, the Council granted a license to operate 15 video games to a Malden movie theater and a license to operate 7 video games to the Granada Lanes Bowladrome, which already had 15 video games in operation. On June 29, 1982, the Council rejected the Amusement Company's application for a license to operate 50 video games in a business established for that purpose on the basis of the Amendment to the Revised Ordinances ("Ordinance").

The Amusement Company contends that video game playing is protected speech and association within the First Amendment to the United States Constitution and the Massachusetts Declaration of Rights. Only one federal court has addressed the question of whether video amusement games are protected speech within the First Amendment. *America's Best Family Showplace v. City of New York,* 530 F.Supp. 607, 536 F.Supp. 170 (E.D.N.Y. 1982). In deciding plaintiff's motion for a preliminary injunction, the court in *Showplace* undertook a thorough examination of First Amendment law and held that video amusement games are not protected under the First Amendment to the United States Constitution. I find that analysis persuasive, and I hold on the merits of the present case that video games are not protected speech within the First Amendment, or under the Massachusetts Declaration of Rights.

■ The ordinance is challenged as violating the freedom of association because it "precludes individuals from playing video games and from freely and socially associating in businesses devoted solely to the management and operation of automatic amusement devices for the public's enjoyment". *Plaintiff's Brief in Support of its Motion for Partial Summary Judgment,* p. 8. I find that plaintiff has not presented a recognizable claim of a violation of the freedom to associate. It cannot be said that a person has a constitutional right to play video games in an arcade that is not an "accessory to or incidental to only recreational business use". *Compare Local 1814, Int'l v. Waterfront Comm'n of New York Harbor,* 667 F.2d 267 (2d Cir.1981) (freedom to associate extends to advancement of beliefs and ideas). *But cf. Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029, 1041–1042 (5th Cir.1980) (ordinance preventing children under seventeen years old from using video game arcades violated their freedom to associate), *rev'd in part and remanded in part, City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 1077, 71 L.Ed.2d 152 (1982) (questioning standard applied by the Fifth Circuit in finding a violation of the right to association).

*Vagueness.*

■ A municipality's regulation of a particular business will be upheld against a challenge that it is void for vagueness where it puts reasonable persons on notice of the standards to be applied, *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972), and where the *prohibitions* are clearly defined. *City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 102 S.Ct. 1070, 1075, 71 L.Ed.2d 152 (1982) (emphasis in original) (citation and footnote omitted).

■ I find that reasonable persons are put on notice of the meaning of the phrase "accessory to or incidentally related to a recreational business use". *See e.g., Davis v. Pine Mountain Lumber Co.,* 77 Cal. Rptr. 825, 828, 273 Cal.App.2d 218 (1969) (defining incidental); *Amarillo Lodge No. 731, A.F. and A.M. v. City of Amarillo,* 473 S.W.2d 264, 273 (Tex.Civ.App.1971) (defining incident to); *Lawrence v. Zoning Board of Appeals,* 158 Conn. 509, 264 A.2d 552, 554 (Conn.1969) (defining incidental

and accessory); *State v. Village of North Palm Beach, Fla.,* 133 So.2d 641, 642 (Fla. 1961) (defining recreational purpose); and *Johnson City v. Cloninger,* 213 Tenn. 71, 372 S.W.2d 281, 283 (Tenn.1963) (defining recreational purpose).

The ordinance also contains the following provision which plaintiff claims is unconstitutionally vague:

*Section 13–34(6):*

Further rules and regulations for the keeping and/or operation of such devices, under Chapter 13–34 (1) through (6) may be enacted by the Malden Licensing Authorities. Licenses may be issued upon such terms and conditions as the Licensing Authority deems to be in the best interests of the health, welfare, safety, peace and quiet enjoyment for the citizens of the City of Malden. Whoever violates the terms, conditions or provisions of a license or this Ordinance shall be punishable by fines and penalties as provided by Chapter I-6 and said violation shall be cause for cancellation, suspension, revocation or modification after hearing, upon three days written notice, sent registered or certified mail, to the address set forth in the license application.

It is unnecessary to decide this question, however, for I find that plaintiff lacks standing to challenge that section of the ordinance.

■■■ Plaintiff applied for a license to operate 50 video game machines in a business established solely for that purpose. As such, plaintiff's application does not comply with either the 25-game limitation or the accessory or incidental use limitation. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (note omitted). Plaintiff's vagueness challenge to the ordinance is therefore unsuccessful. Similarly, the Amusement Company lacks standing to challenge the licensing fee as being excessive and in violation of M.G.L. c. 140, § 177A.

*Due Process and Equal Protection Claims.*

■■■ An economic classification will be upheld against an equal protection challenge if the classification is rationally related to a legitimate state interest. *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976) (cited in *Friedman v. Rogers,* 440 U.S. 1, 17, 99 S.Ct. 887, 898, 59 L.Ed.2d 100 (1979). Malden has chosen to allow up to 25 video games as an accessory to or incidental to a recreational business purpose, thus treating recreational businesses differently from businesses entirely devoted to operating video games for profit. I find that there is a rational relationship between the requirement that the games be added to a business with a different primary use and the legitimate objective of maintaining order, preventing crowding, and diminishing the prospects of out-of-town people congregating in Malden.

■■■ Similarly, an economic regulation will survive a due process challenge unless it is arbitrary or capricious. *North Dakota Pharmacy Bd. v. Snyder's Stores,* 414 U.S. 156, 164–167, 94 S.Ct. 407, 412–414, 38 L.Ed.2d 379 (1973). The majority of the councillors were concerned that patrons of a video arcade would become unruly and that extra police coverage would therefore be required. As one city councillor stated, "I don't think that [the problems] with video patrons [would] develop in the Granada [bowling] Lanes or whatever, because his business is of another nature. And they don't tolerate ... because they won't tolerate any kind of leeway or give no leeway in that, because of the fact that the other business is there." *Malden City Council Meeting,* June 29, 1982, *Transcript,* p. 16. I find that the councillor sufficiently articulated a reason for the distinction in the ordinance to defeat the plaintiff's claim that it is arbitrary or capricious.

*Massachusetts General Laws chapter 140, section 177A.*

█ The Amusement Company challenges c. 140, § 177A, ¶ (1) as being unconstitutionally vague in violation of the Fourteenth Amendment Due Process Clause.

M.G.L. c. 140, § 177A(1) states:

(1) The licensing authorities of any city or town may grant, and after written notice to the licensee, suspend or revoke a license to keep and operate an automatic amusement device for hire, gain or reward, approved by the director of standards and necessaries of life under section two hundred and eighty-three of chapter ninety-four.

The Amusement Company alleges that § 177A(1) violates the due process clause of the Fourteenth Amendment to the United States Constitution because it is overbroad, vague, and standardless. The Supreme Judicial Court of Massachusetts recently rejected this argument. *Caswell v. Licensing Comm'n for Brockton*, 387 Mass. 864, 875, 444 N.E.2d 922 (1983). In *Caswell*, the Supreme Judicial Court held that § 177A was to be interpreted in light of the holding in *Turnpike Amusement Park, Inc. v. Licensing Comm'n of Cambridge*, 343 Mass. 435, 438, 179 N.E.2d 322 (1962), that

... [l]ocal authorities may deny a particular license if in their discretion they find that the general good, order and welfare of the community so require. They cannot, however, act in an unreasonable or arbitrary manner and must consider and determine each application ... on its own set of facts. (citation omitted).

I hold that under the interpretation given to this statute by the Supreme Judicial Court, § 177A(1), as applied to video game licenses, does not violate the due process clause.

On the basis of the foregoing opinion, defendants' motion for summary judgment is ALLOWED. Plaintiff's motion for declaratory relief is DENIED.