UNITED STATES of America

v.

Richard B. COLLINS, Defendant.

No. 83–6010–Cr–Paine.

United States District Court,
S.D. Florida.

Feb. 20, 1985.

Deborah Branscomb, Sp. Atty. U.S. Dept. of Justice, Washington, D.C., for U.S.

Stephen Bronis, Miami, Fla., for defendant.

PAINE, District Judge.

This cause is before the Court on defendant's motion to declare section 6(c) of the Classified Information Procedures Act (CIPA) unconstitutional. 18 U.S.C. Appendix. (DE 182). The government has responded urging the Court to deny defendant's motion.

■ CIPA provides various procedures which must be employed during the course of a criminal prosecution when the defendant announces an intent to introduce classified information in defense of the charges brought against him. Particularized notice must be given to the government of the items intended to be introduced. *CIPA,* 18 U.S.C. Appendix III, § 5(a); *United States v. Collins,* 720 F.2d 1195 (11th Cir.1983). Upon receipt of proper notice, the case progresses to the point where the Court must make a pre-trial ruling on the use, relevance and admissibility of the information. *CIPA,* 18 U.S.C. Appendix III, § 6(a). In determining the threshold question of section 6(a) admissibility, the Court should not consider the fact that the items in question are classified in nature. *U.S. v. Smith,* 36 Crim.L.Rptr. 2271, 2272, 750 F.2d 1215 (4th Cir.1984).

It is not until the case progresses to section 6(c) that the classified nature of the information might be considered. *Id. Compare United States v. Wilson,* 586 F.Supp. 1011 (1983 by Weinfield, D.J., S.D. N.Y.). (where no section 6(c) determination appears necessary given the Court's determination of inadmissibility at the section 6(a) stage).

The constitutionality of section 6(c) appears to be a matter of first impression. Counsel have cited no case which addresses the precise point, and the Court's own research has not uncovered a published treatment of the constitutionality of section 6(c). This Court has already determined, by order of August 3, 1984, that some items of classified information are relevant to the issues in this case.

Section 6(c) provides in part that

(1) Upon any determination by the court authorizing the disclosure of specific classified information under the procedures established by this section, the United States may move that, in lieu of

the disclosure of such specific classified information, the court order—

> (A) the substitution for such classified information of a statement admitting relevant facts that the specific classified information would tend to prove; or
>
> (B) the substitution for such classified information of a summary of the specific classified information.
>
> *The court shall grant such a motion of the United States if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information.* The court should hold a hearing on any motion under this section. Any such hearing shall be held in camera at the request of the Attorney General.

CIPA, 18 U.S.C. Appendix, § 6(c) (emphasis added.) The defendant advances the following constitutional deficiencies allegedly contained in section 6(c):

1. that section 6(c) constitutes an unconstitutional impingement on his rights to compulsory process under the Sixth Amendment;

2. that section 6(c) denies him due process of law under the Fifth Amendment;

3. that the standard of providing the defendant with substantially the same ability to present his defense is void for vagueness.

4. that section 6(c) denies him equal protection of law under the Fifth Amendment; and

For the reasons set forth below, the Court deems these contentions to be without merit and therefore declines to declare section 6(c) of CIPA unconstitutional.

### I. *Compulsory Process.*

■ The Sixth Amendment to the United States Constitution provides in part that:

> In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor, ....

There is no question that General Collins, as the accused in this case, indeed enjoys the right of compulsory process. The right of compulsory process, however, is inapplicable to the issues presented herein.

It has long been accepted that inclusion by the Framers of the right to compulsory process in the Bill of Rights was in response to "the notorious common law rule that in cases of treason or felony the accused was not allowed to introduce witnesses in his defense at all." *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967) [*citing,* 3 Story, Commentaries on the Constitution of the United States, §§ 1786–1788 (1st ed. 1833) ]. The Framers sought to guarantee that both sides of the story, the prosecution's and the defendant's were before the jury. *Id.* at 20, 87 S.Ct. at 1923. However, the right of compulsory process "does not confer the right to present testimony free from the legitimate demands of the adversarial system; ...." *United States v. Nobles,* 422 U.S. 225, 241, 95 S.Ct. 2160, 2171, 45 L.Ed.2d 141 (1975). Nor does compulsory process "always assure a defendant of the testimony sought. (For example) [a] valid assertion of the witness' Fifth Amendment rights justifies a refusal to testify despite the defendant's Sixth Amendment rights." *United States v. Goodwin,* 625 F.2d 693, 700 (5th Cir.1980) (parenthetical added).

Simply put, the right to compulsory process, to require the attendance of witnesses, is in no manner affected by section 6(c) substitutions. There is no per se exclusion of defense witnesses.

### II. *Due Process*

■ Defendant's citation of *Washington v. Texas* is more appropriately considered in this context for its language relative to a defendant's right to a fair trial. Although *Washington v. Texas* addresses a fair trial in terms of violations of the compulsory process clause, its language in applying that right to the States is instructive.

The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present a defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law. *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967).

Defendant has argued that the substitutions permitted under section 6(c) would preclude him from presenting his side of the story to the jury. It is also suggested that prohibiting him from eliciting the minutiae of each item of classified information will adversely impact upon the jury's determination of his credibility as a witness. There is no argument from the government that General Collins should not be permitted to have a fair trial and opportunity to present his version of the facts to the jury. The only real issue presented by the instant challenge is whether defendant should be allowed free reign in presenting his defense. There is no question that the substance of the information at issue is relevant to the defenses asserted. It does not follow, however, that because the evidence is relevant that it is necessarily admissible in the form offered.

Indeed courts make determinations of whether relevant evidence, in the form offered, may be excluded when applying F.R. Evid. 403. That rule specifically provides that

[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Indeed the notes of the Advisory Committee on the proposed rules recognize that "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." The Committee also noted that one factor to be considered in making a Rule 403 determination is the availability of "other means of proof."

Section 6(c) requires that a balancing test be made in order to guarantee that the defendant is not prejudiced by any substitution. Simply put, section 6(c) does not preclude presentation of the defendant's story to the jury, it merely allows some restriction on the manner in which the story will be told.

Defendant's argument that his credibility will be harmed if he is prohibited from expounding upon the details of the classified information is also without merit. This is so especially in a case such as this where the government has agreed to inform the jury that defendant does, in fact, know the details of the classified information at issue. The jury, therefore, would be apprised of the fact that the government concedes the defendant's knowledge of the classified information, but that the classified information in it minutae is being kept from them. It can hardly be said that with the above announcement, the jury would be affected adversely in their credibility determination by the fact that General Collins would not be permitted to give the explicit details he seeks to convey.

### *Substantiality Standard.*

 Defendant also argues that the standard of substantiality employed by section 6(c) is void for vagueness. Initially the Court notes its agreement with the government's contention that the void for vagueness attack is inapplicable to a procedural statute such as CIPA.

As generally states, the void-for-vagueness doctrine requires that a *penal statute define* the *criminal offense* with sufficient definiteness that ordinary people can understand what conduct is prohibited....

*Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) [Cal. Penal Code § 647(e) held unconstitutionally vague because of failure to clarify what

constitutes "credible and reliable" identification.] *See also Colautti v. Franklin,* 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) [Sections 5(a), 5(d) of Pennsylvania Abortion Control Act held unconstitutionally vague for failure to clarify what constitutes viability in section 5(a) and imposition of penal sanction in section 5(d) for violation of 5(a).]; *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975). [Tenn. Code Ann. § 39–707 (1955) providing criminal sanctions for "crimes against nature" did not violate "fair warning requirement embodied in the Due Process clause prohibit[ing] the States from holding an individual 'criminally responsible for conduct which he could not reasonably understand to be proscribed.'" *Id.* at 49, 96 S.Ct. at 244 (citations omitted).]

Even if our precedents did provide for an attack on a procedural statuted under the void for vagueness doctrine, the word "substantially" is not impermissibly vague. As noted by the *Rose* Court the "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Id.*

Substantial is one of those words that permeates the law. Courts must make determinations based on a substantiality standard on a daily basis. For example in reviewing decisions of administrative agencies, a court cannot overturn the administrative ruling if there is *substantial* evidence in the record to support the ruling. *Mullins v. Secretary of Health and Human Services,* 680 F.2d 472 (6th Cir.1982). Every law student masters the concept of *substantial* performance in their first year contracts class. *Matador Drilling Co., Inc. v. Post,* 662 F.2d 1190 (5th Cir.1981).

In the realm of criminal law Courts in this circuit are well familiar with the substantiality standard when determining, under the dictates of *United States v. James,* 590 F.2d 575 (5th Cir.1979), whether there is *substantial* independent evidence of a conspiracy to allow co-conspirator statements to be admitted. Courts must also address the substantiality standard on a regular basis when assessing a challenge to a jury verdict based on sufficiency of the evidence. *United States v. Pitt,* 717 F.2d 1334 (11th Cir.1983); *United States v. Latner,* 702 F.2d 947 (11th Cir.1983). Suffice it to say that the standard of substantiality is not vague and is one which requires, in the context of CIPA, substitutions which provide the gist of the defense in virtual entirety although not necessarily the minutiae.

### Equal Protection

■■■ Defendant's final argument is that section 6(c) denies him the equal protection of the laws by requiring him to accept substitutions, if found substantially equivalent to the classified proffer. Equal protection assures that individuals who are similarly situated will not be treated differently. The basic concepts of equal protection as set forth in the Fourteenth Amendment apply to the Federal Government through the due process clause of the Fifth Amendment. *U.S. v. Hawes,* 529 F.2d 472 (5th Cir.1976).

The guarantee of equal protection does not guarantee exact equality. *Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1967). Nor does the guarantee "require things which are different in fact ... to be treated in law as though they were the same." *Tigner v. Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1939). *See also, Rinaldi v. Yeager,* 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). "[I]n all equal protection cases, ..., the crucial question is whether there is an appropriate governmental interest suitably furthered by the differential treatment." *Police Dept. of Chicago v. Mosely,* 408 U.S. 92, 95, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972). Naturally, that nature of the basis for "discrimination" (eg. race, alienage, gender, economics, etc.) will trigger the appropriate level of scrutiny. *See eg., Malden Amusement Co., Inc. v. City of Malden,* 582 F.Supp. 297 (D.Mass.1983); *Nat'l Gay Task Force v. Board of Education,* 729 F.2d 1270 (10th Cir.1984).

In this case it is a little difficult to determine what discriminatory classification defendant alleges has been forced upon him. Presumably the contention is that he, unlike other criminally accused, may be forced to accept substitutions in lieu of evidence he wants to introduce. Given the nature of CIPA, the factor which prompts the distinction is the accused's prior exposure to classified information. Such a factor could hardly be said to be the type of immutable characteristics, such as race, which would require application of strict scrutiny.[1]

Clearly if any level of scrutiny is appropriate for defendant's argument, the rational basis test is it. In other words if section 6(c) bears a rational relationship to fostering a legitimate governmental interest, its effect is not violative of the Constitution.[2]

Congress' desire to curb the use of classified information as a tool for "greymail" is, at the very least, a legitimate governmental interest. CIPA, although difficult to administer because of its recent vintage and the lack of published opinions treating its provisions, contains thorough procedures for making pre-trial evidentiary determinations. These determinations assure that any classified information used is necessary. In this Court's view section 6(c) does not discriminate. Even if it could be said that 6(c) was a discriminatory provision this Court of the view that it meets the rational relationship standard and thus is not violative of equal protection.

Accordingly, it is

ORDERED and ADJUDGED that defendant's motion to declare section 6(c) of the Classified Information Procedures Act unconstitutional is denied.

1. This discussion assumes, for the sake of argument, that there *is* discrimination present. The Court, however, is more persuaded by the argument that a defendant introducing classified information is not similar in fact to other criminally accused and that the restrictions placed in section 6(c) are nothing more than a F.R.Evid. 403 type determination, to which every defendant is subject. If anything the CIPA defendant stands in a better position than the regular defendant offering 403 evidence: if the evidence is found relevant but no substitutions are acceptable under CIPA the government bears the weight; if evidence offered by a non-CIPA defendant violates 403, it is excluded and the defendant bears the weight.

2. Because of the Court's finding above as to the rational basis test there will be no need to proceed to a determination of discriminatory intent. *Shaw v. Martin,* 733 F.2d 304 (4th Cir. 1984).