826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeanette MONTGOMERY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1103.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1987.
 
 Before MARTIN, JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On April 10, 1986, the plaintiff filed a complaint in the district court for the Eastern District of Michigan pursuant to 42 U.S.C. Sec. 405(g). In her complaint, the plaintiff sought review of a final decision of the Secretary of Health and Human Services (Secretary) which determined that the plaintiff was not without fault under 42 U.S.C. Sec. 404(b) so as to prevent the Secretary from recovering overpayments of mother's insurance erroneously paid the plaintiff.
 
 
 3
 On review of the parties' cross-motions for summary judgment, the magistrate entered a report and recommendation in which he recommended affirmation of the Secretary's final decision. In so doing, the magistrate determined that substantial evidence supported the findings of the administrative law judge (ALJ). Because she had failed to read the application for benefits, the ALJ determined that the plaintiff had accepted an overpayment which she should have known was incorrect and therefore was not without fault as provided by 20 C.F.R. Sec. 404.507. The ALJ, in the same decision, also rejected the plaintiff's allegation that she was without fault under 20 C.F.R. Sec. 404.510 because she had been misinformed by employees of the Secretary.
 
 
 4
 On November 17, 1986, the district court adopted the report and recommendation of the magistrate over the plaintiff's objections. The plaintiff then filed a timely appeal with this court.
 
 
 5
 Our standard of review, like that of the district court, is the substantial evidence standard. Where there is substantial evidence to support the findings of the Secretary, its decision will not be disturbed on appeal. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.1983). Substantial evidence means evidence that a reasonable mind might accept as adequate to support a conclusion. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984); Mullins v. Secretary of Health and Human Services, 680 F.2d 472, 472-73 (6th Cir.1982).
 
 
 6
 Having reviewed the district court record and the record of the administrative proceedings, we conclude that substantial evidence did in fact support the findings of the ALJ.
 
 
 7
 Had the plaintiff taken the time to read the bold face print on the same page of the application form as her signature, she would have known that she was obligated to notify the Secretary if she remarried or her daughter became eighteen years of age. The plaintiff candidly testified before the ALJ that she did not read the document she signed. She further conceded in her testimony that the Secretary's employee who helped her process the application read the questions on the application to her. One of those questions expressly provided
 
 
 8
 Do you agree to notify the Social Security Administration promptly if either of the above events [remarriage or your child's majority] occurs, and to promptly return any benefit check you receive if the check for a month in or after the month in which the event occurred?
 
 
 9
 Under these circumstances, we cannot say that no substantial evidence supports the ALJ's conclusion that plaintiff should have known that she was not entitled to mother's benefits. The record reflects that the plaintiff was a mature adult woman who could read and write and had no neurological or physical problem which would have prevented her from understanding the terms of the application. She simply chose not to read it and therefore, was properly found to be at fault. See 20 C.F.R. Sec. 404.507(c).
 
 
 10
 We further conclude that substantial evidence supports the ALJ's determination that the plaintiff was not misled concerning the benefit requirements of mother's insurance. The Secretary has the prerogative to conclude that testimony, even unrefuted testimony, is inherently incredible. Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387-87 (6th Cir.1978). Given the plaintiff's scant recollection of events, her contradictory testimony on those events she did recall and her admission that the questions on the mother's insurance application were read to her, we cannot say that the Secretary improperly exercised its prerogative to discredit the credibility of her testimony regarding misinformation.
 
 
 11
 Accordingly, the district court order entered November 17, 1986, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.