Sherman, PJ.
This is an action in contract and tort brought by plaintiff Arthur F. Wonson (“Wonson”) to recover damages for defendant Ralph Leonard Associates’ (“Leonard”) alleged breach of obligations owed to the plaintiff as his agent and real estate broker.
The sole issue presented by this appeal is the propriety of the trial court’s allowance of the defendant’s motion to dismiss brought on the grounds that the action was barred by the Statute of Limitations, and that the defendant was irremediably prejudiced by the plaintiffs delay in amending his complaint to add the defendant as a party six years and nine months after the events in question.
The plaintiffs claims arise out of the 1983 failure of a real estate transaction involving plaintiff Wonson, as trustee of the seller, one Seymour E. Greenfield (“Greenfield”) as prospective purchaser, Century 21 Yankee Realty as selling broker and defendant Ralph Leonard Associates as the listing broker. All that now emerges clearly as to the events of 1983 is that Greenfield made a written offer to purchase the property on July 21, 1983 and paid a deposit of $500.00. Wonson accepted the offer, but did not do so in writing, allegedly in the expectation that he and Greenfield would execute a formal purchase and sale agreement on July 29, 1983. Various oral communications then ensued in the interim eight day period between the brokers, Wonson and Greenfield concerning time extensions, house inspections, contract execution, etc., the details of which are now vigorously disputed by the parties. Greenfield ultimately refused to sign a purchase and sale agreement on July 29, 1983 and Wonson responded by initiating suit.
The plaintiff s original action was against Greenfield only and was filed in the Essex Superior CourtDepartment of theTrial Courton March 25,1985forbreach of contract to purchase real estate. In his answer and counterclaim, Greenfield denied that there had been any contract between the plaintiff and him, but failed to plead affirmatively the Statute of Frauds. Prior to the commencement of the action and again on April 24, 1985, plaintiffs counsel solicited the assistance of Ralph Leonard Associates, as plaintiffs former broker, in preparing his case against Greenfield and in responding to Greenfield’s discovery requests which included interrogatories and requests for production of documents. At plaintiff s request, Leonard forwarded copies of its office telephone log and all documents pertaining to Greenfield which Leonard still had in its possession. In his letter of April 24,1985, plaintiff s counsel also informed Leonard of Greenfield’s counterclaim allegation that Leonard had made false representations to him, and stated that “Arthur [Wonson] and I are certain that no misrepresentations were made and I shall endeavor to protect you from any unwarranted accusations by Mr. Greenfield.”
*76 The Superior Court dismissed Wonson’s action pursuant to Mass. R. Civ. P., Rule 41(b) (1) on February 28, 1989. Wonson filed amotion to revoke said order on January 12, 1990, together with a certificate of readiness which, despite the absence of any discovery action by Wonson, attested that all pleadings and discovery had been completed. The order of dismissal was vacated, and the action was transferred to the Lynn Division of the District Court Department on March 14, 1990.
On April 3, 1990, Wonson filed a Dist./Mun. Cts. R. Civ. P., Rule 15 motion to amend his complaint by adding Ralph Leonard Associates as a party defendant. Said motion was allowed with no prior notice to Leonard and thus no opportunity for Leonard to object.
The amended complaint alleged that defendant Ralph Leonard Associates, in violation of its obligations to plaintiff Wonson as his agent-broker, furnished the plaintiff with incorrect information and advice, failed to inform the plaintiff correctly with respect to communications received from Greenfield, and advised Greenfield as to how he could avoid any obligation to purchase real estate from the plaintiff.
Leonard was served with a summons and copy of the amended complaint on May 25, 1990. On May 30, 1990, the plaintiff filed a stipulation dismissing defendant Greenfield from the action.
The new and sole remaining defendant, Leonard, filed an answer[2] admitting that it had acted as plaintiffs real estate broker and agent, but denying any breach of obligations owed to the plaintiff. By way of affirmative defense, Leonard asserted, inter alia, that it was prejudiced by the plaintiffs delay of six years and nine months in bringing an action against it.
On February 22, 1991, the defendant filed a motion to dismiss together with a supporting affidavit claiming that it had been added to this action after the expiration of that period of time when an original action against it would have been barred by the Statute of Limitations; and that the plaintiffs undue delay in adding it as a party defendant prejudiced its ability to prepare a proper and sufficient defense to the plaintiffs claims.
After hearing, the District Court judge issued a memorandum of decision on March 25, 1991 allowing the defendant’s dismissal motion. The court subsequently denied, after hearing, plaintiffs motionsfor reconsideration, amendment of findings and relief from the court’s judgment and order.
The plaintiff now claims to be aggrieved by the court’s allowance of the defendant’s motion to dismiss and by its subsequent denials of plaintiffs motions.
l.Thefirst ground asserted in the defendant’s motion for dismissal is that the action against it, commenced six years and nine months after the plaintiffs claim arose, was barred by the Statute of Limitations. The short answer to this contention is that the plaintiffs amendment of his complaint to add the defendant as a party “related back” to the plaintiff s original Superior Court complaint against Greenfield which was filed within the applicable limitations period. Rule 15(c) of the Dist./Mun. Cts. R. Civ. P. provides:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence setforth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.
In interpreting Rule 15 (c) in 1987, the Supreme Judicial Courtheld in Bengar v. Clark Equip. Co., 401 Mass. 554 (1987), that motions to amend should be liberally allowed *77 unless the amendment proposed to add a party after the period of limitations for an independent action against such party had expired. The Legislature responded by enacting Ch. 141 of the Acts of 1988,which amended G.L.c. 231, §51 to read as follows:
In all civil proceedings, the court mav at any time allow amendments adding apartv. discontinuing as to aparty or changing the form of action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to Massachusetts Rules of Civil Procedure shall relate to the original pleading [emphasis supplied].[3]
The 1988 statute was intended by the Legislature to overrule the Bengar case, Wood v. Jaeger Sykes, Inc., 27 Mass. App. Ct. 199, 200-203 (1989); Piper Cafe, Inc. v. Commercial Union Ins. Co., 27 Mass. App. Ct. 317, 324 n.10(c) (1989), to insure a relation back to the original pleading for Statute of Limitations purposes of all complaints amended pursuant to either court rule or statute.
2. The essence of the defendant’s dismissal motion herein was not, however, the incorrect assertion that the plaintiffs amended complaint did not relate back to his original filing against Greenfield. The defendant instead contends that the amendment of the plaintiffs complaint itself, sought after an undue delay by the plaintiff which exceeded the limitations period, prejudiced the defendant by compelling it to join a suit against which the defendant could no longer prepare a complete and adequate defense. The defendanfs motion to dismiss was thus in the nature of a request that the court reconsider and vacate the allowance by another judge of the plaintiffs motion to amend. The power and authority of the trial court judge herein who ruled on the defendanfs dismissal motion to modify or vacate the earlier order of another judge is well established. Peterson v. Hopson, 306 Mass. 597, 603-604 (1940). See also Genesco, Inc. v. Kaufman, 11 Mass. App. Ct. 986, 990 (1981); Coolidge Bank & Tr. Co. v. First Ipswich Co., 11 Mass. App. Ct. 923, 924 (1981). No abuse of discretion attended the decision to reconsider, particularly in view of the existence of new considerations in the form of objections which the defendant had no opportunity to presentto thefirst judge who allowed the plaintiff s Rule 15 motion. See Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 553-554 (1987). As the court’s allowance of the defendanfs dismissal motion was in substance a denial of a motion to amend the plaintiffs complaint, we review it as such.
By utilizing the term “may” as opposed to “shall” in its enactment of St. 1988, c. 141, the Legislature clearly preserved the judicial discretion to which Rule 15 motions to amend have traditionally been addressed. Campbell v. Lynn, 32 Mass. App. Ct. 152, 157 (1992); Turnpike Amusement Park, Inc. v. Licensing Comm. of Cambridge, 343 Mass. 435, 437 (1962). Although leave to amend is discretionary, the general standard is that an amendment to add a new party or a new theory of liability should be freely allowed unless there appears some good reason to deny it. Castelluci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977); Parkman Equip. Corp. v. S.A.S. Equip. Co., 14 Mass. App. Ct. 938 (1982). Such reasons include “undue delay, bad faith or dilatory motive on the party of the movant,... [and] undue prejudice to the opposing party....” Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991).
It is unnecessary to consider in this case whether undue delay would of itself be sufficient to warrant the denial of the plaintiffs motion to amend his complaint by adding defendant Leonard. See U.S. Leasing Corp. v. Chicopee, 402 Mass. 228, 233 (1988); Libby v. Commissioner of Correc., 385 Mass. 421, 428 (1982).
*78 We assume, as did the judge below, that permission to amend turns, in discretion, on whether the opposing party will be unduly prejudiced by allowance of the amendment, recognizing however, that delay may contribute and even contribute seriously to cause the prejudice....
Christopher v. Duffy, 28 Mass. App. Ct. 780, 784 (1990). We concur with the trial court herein that defendant Leonard has satisfied.its burden of opposition to the plaintiff s Rule 15 motion. The defendant has adequately demonstrated that the plaintiff s delay of six years and nine months in initiating suit against the defendant by amending his complaintwas not only inexcusable, but so substantially and materially prejudiced the defendant that the plaintiffs amended complaint cannot stand.
When the plaintiffs claim arose in 1985, he proceeded against Greenfield only, giving no indication that he regarded defendant Leonard as responsible in any way for thefailure of the real estate transaction. The plaintiff and the defendant in fact worked closely together in an amiable and cooperative context to pursue the plaintiffs claim against Greenfield and defeat Greenfield’s counterclaim in the original action. No rational inference arises that the defendant had any reason to believe or suspect that it should take steps to protect itself in anticipation of a suit by the plaintiff when the defendant and the plaintiff were playing the “buddy system.” The still unexplained delay of the plaintiff in proceeding against the defendant unfairly lulled the defendant into believing not only that it would not be a target of the plaintiff s litigation, but that the plaintiff would endeavor to protect it against Greenfield’s allegations. By the time the plaintiff changed course against the defendant sixyears and nine months afterthe events in question, the defendant was no longer in a position to gather evidence or reconstruct the myriad interactions and communications of all parties in July, 1989 in preparation of a defense against the plaintiffs claims. Even assuming arguendo that all necessary physical evidence in the nature of purchase and sale agreements and correspondence was preserved and is accessible to the defendant, the material and dispositive aspects of the plaintiffs amended complaint hinge on oral testimony. Memories fade, and the insurmountable and unfair task imposed on the defendant by the plaintiffs delay is exemplified by the affidavit of Richard Davis, the Century 21 Yankee Realty broker,who stated that “due to the passage of time, I do not recall the specifics of oral communications between myself and any individuals involved” in the Wonson and Greenfield transaction.
Based on theforegoing, there was no abuse of discretion, see Bartley v. Phillips, 317 Mass. 35, 43 (1944), in the trial judge’s finding that the defendant was materially prejudiced under the circumstances of this case by the plaintiff s unjustified delay of sixyears and nine months in seeking to add the defendant as aparty to this action. The trial judge’s allowance of the defendant’s motion to dismiss is, therefore, affirmed.
Report dismissed.

 The defendant also filed a claim of jury trial and request for removal of the action to the Superior Court pursuantto G.L.c. 231, §104. After the action was removed to the Superior Court, it was once again remanded to the Lynn District Court on October 25, 1990.

 Dist./Mun. Cts. R. Civ. P., Rule 15(c) follows Mass. R. Civ. P., Rule 15(c).