Donohue, J.
This matter is before the Court on Defendant City of Leominster’s (the “City’s”) Motion for Summary Judgment. Plaintiff Leominster Taxi Company (the ’’Company”) seeks damages from the City on the grounds that it is not enforcing taxi related ordinances. The City denies the existence of ordinances that either fix taxi fares or limit the number of taxi licenses. After a hearing and for the reasons set forth below, Defendant’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
The City has a License Commission which regulates taxis in the City. The City Ordinances guide the License Commission.[1] No ordinance establishes the minimum rates which may be charged to a customer, and none sets a uniform fixed rate. No ordinance establishes the maximum number of taxicab licenses. The License Commission does not issue temporary taxicab licenses.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions or disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Plaintiff contends that the City has a fixed taxi fare schedule and that other taxi companies are illegally undercutting that fixed fare schedule. Plaintiff also argues that the City has a limit on the number of taxi licenses. This Court does not agree.
Under M.G.L.c. 40, §22, cities “may make rules and orders for the regulation of. .. vehicles used therein.” In the present case, the City’s ordinance does not establish a uniform fare rate or even a minimum one; it simply sets a maximum which may not be exceeded and states that such rates will be set by the Licensing Board. See Leominster Ordinance §5.26, supra.
The Company’s reliance on Cambridge Taxi Co. v. City Manager of Cambridge, 322 Mass. 108 (1948), is misplaced. In Cambridge Taxi Co., the court reviewed an ordinance that had set a “maximum price or rates” which taxis could charge, which was amended to *494 strike the word “maximum” and allow the City to set “the price or rates of fare which drivers . . . may charge.” Cambridge Taxi Co., supra at 109. The court found that the word “may” in the amended ordinance meant that cab drivers could only charge the fixed rate and not any other, and furthermore, that nothing in M.G.L.c. 40, §22 limited cities’ power to fixing maximum rates only. Cambridge Taxi Co., supra at 110. In the present case, as the language of Leominster Ordinance 5.26 is discretionary, and therefore unlike the mandatory wording of the amended Cambridge Taxi Co. ordinance, Cambridge Taxi Co. is inapplicable. See Cambridge Taxi Co., supra at 109-10.
The City contends, moreover, that it does not have an ordinance which limits the number of taxi licenses. Plaintiff has not submitted any evidence or identified any ordinance to show otherwise. As plaintiffs claims are based on unidentified fixed fare and license limit ordinances, therefore, this Court finds plaintiff to be lacking essential elements of its case. See Flesner, supra. Thus, Defendant City is entitled to Summary Judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant City’s Motion for Summary Judgment is ALLOWED.

Section 5.26 of the Ordinances provides, in relevant part:
No owner or operator of a taxicab shall charge any passenger any higher rates for services than those that may from time to time be fixed by the licensing board. A schedule of such rates then in force shall be delivered to every owner and every operator of a taxicab at the time of the delivery to them of their licenses, and new schedules shall be delivered whenever such rates are charged.