**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Alvin LATNER, Defendant-Appellant.**

No. 81–5996.

United States Court of Appeals, Eleventh Circuit.

April 14, 1983.

Alan B. Bookman, Emmanuel, Sheppard & Condon, Pensacola, Fla., for defendant-appellant.

Samuel A. Alter, Jr., Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before FAY and VANCE, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

On September 18, 1981, a jury found appellant William Alvin Latner guilty of the armed robbery of the Pensacola Home and Savings Association in violation of Title 18 U.S.C. § 2113(d). The appellant was sentenced to twenty-five years in prison and fined ten thousand dollars by the trial judge without the benefit of a presentence report. Latner subsequently filed this appeal seeking a reversal of the judgment and/or sentence.

Appellant contends there was insufficient evidence to support his conviction because of inconsistencies in the eye witnesses' testimony. On July 10, 1981, the Osceola branch of the Pensacola Home and Savings Association was robbed by a lone bandit. At the time of the robbery there were three tellers and the branch manager in the bank. Latner was apprehended 18 minutes after the robbery and when he was returned to the bank all four employees recognized him. The four eye witnesses testified about the robbery, the robber and the car he was driving. They all described him as a young man who was wearing a curly wig, a plaid shirt, jeans and boots. They testified that he entered the bank with a sawed-off shotgun and ordered them to put the money in a sack then left in a blue and white Mercury with a "Rock 97" bumper sticker. Each witness also provided some additional descriptive details that she had noticed. A bank surveillance camera was triggered during the robbery and the pictures taken were compared to pictures of Latner taken later. A forensic photograph expert testified at trial to numerous points of similarity between the pictures.

The test for reviewing the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), substantial evidence exists to support the verdict. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). In *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (Unit B en banc), cert. granted —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982), the Fifth Circuit specifically stated that, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reason-

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

able trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence." Issues of credibility, the weight of evidence, and conflict in evidence are, of course, matters for the jury. *United States v. Parr,* 516 F.2d 458 (5th Cir.1975). After a thorough review of the entire record we conclude that a reasonable jury could find Latner was the robber of the Pensacola Home and Savings Association.

Latner further challenges the imposing of a sentence without a presentence report as an abuse of discretion on the part of the trial judge. After the return of a guilty verdict, the appellant was asked if he would waive a presentence report to which the reply was no and a request for a presentence investigation. The court then noted that Fed.R.Crim.P. 32(c)(1)[1] provides an alternative to a presentence report and proceeded to question the defendant about his family and personal history. The trial judge asked Latner numerous questions about his educational, military, financial and family background. He also allowed Latner and his attorney time to review a two and one-half page rap sheet. Latner was also given two opportunities to make an additional statement. The court then explained that it had gone down the form used by the probation office and thus had sufficient evidence before it to make a meaningful decision. With this finding, Latner was sentenced to twenty-five years in prison, fined ten thousand dollars and was ordered to stand committed until the fine is paid or he is otherwise discharged by due course of law.

Fed.R.Crim.P. 32(c) is not written in mandatory terms, rather there is an alternative to a presentence report when the court finds sufficient information in the record to enable it to make a determination and the court explains such a finding. *United States v. Long,* 656 F.2d 1162 (5th Cir.1981), cited by both parties differs from this case in that the trial judge sentenced Long to life in prison without *either* obtaining a presentence report *or* finding that there was sufficient information in the record to enable the meaningful exercise of sentencing discretion. In *United States v. Chiantese,* 582 F.2d 974, 981, n. 17 (5th Cir. 1978) en banc, reh. den. 587 F.2d 508, cert. denied, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979), the court found that the statement of the judge "that given the evidence before him, he did not see the need for a presentence report" was a sufficient explanation. The Fifth Circuit has held that the preparation and consideration of a presentence report is not a prerequisite to a lawful sentence. *Reed v. United States,* 529 F.2d 1239 (5th Cir.1976); *United States v. Deas,* 413 F.2d 1371 (5th Cir.1969).

After observing the defendant throughout the trial, reviewing the records before him and questioning the defendant extensively, the trial judge had sufficient information to make a fair determination. If there had been any information that Latner thought the court should have considered prior to sentencing but which it did not have, he could have brought it to the court's attention under Fed.R.Crim.P. 35. Latner did not do this,[2] nor has he shown

---

1. Fed.R.Crim.P. 32

 (c) Presentence Investigation

 (1) When made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

 . . . .

(2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

2. Latner did make a routine Rule 35 motion for reduction of sentence but did not provide any additional information in support of the motion.

this court that he was prejudiced by the manner in which the trial judge gathered the presentence information. We are unable to find there was any abuse of discretion on the part of the trial judge in choosing an alternative procedure. At the close of the questioning, the judge remarked to the defense attorney that it did not matter what he said as far as sentencing was concerned. We cannot agree with the argument of the appellant that this statement indicates the court had made a sentencing determination prior to gathering the necessary information.

The appellant also asserts that imposing a fine on an indigent prisoner is excessive and violates his constitutional rights. If at the time Mr. Latner is eligible for parole he is still unable to pay the fine, Title 18 U.S.C. § 3569 provides a procedure for obtaining release by taking an oath of indigency before a United States Magistrate. In a published policy statement[3] the Bureau of Prisons has established a procedure which affords a prisoner sufficient time to resolve the fine issue prior to the effective date of parole, thus insuring that the prisoner will not be held beyond his normal release time. We therefore find no merit to this assertion.

Having found that there was sufficient evidence to support the conviction and there was no abuse of discretion on the part of the trial judge in the sentencing phase of the trial, the judgment and sentence are

AFFIRMED.

---

**3.** Policy Statement 5882.1, October 4, 1977.