Decided June 15, 1987

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | |
|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br> Plaintiff-Appellee,<br><br> vs.<br><br>JOON CHUL AHN,<br><br> Defendant-Appellant. | DCA NO. 86-9024<br><br>CTC CR.NO. 86-26<br><br>OPINION |

Counsel for Appellee: ALEXANDRO C. CASTRO
 Attorney General
 RAYMOND D. BUSO
 Assistant Attorney General, CNMI
 5th Floor, Nauru Building
 Saipan, CM 96950

Counsel for Appellant: MICHAEL A. WHITE
 White, Novo-Gradac & Thompson
 Attorneys-At-Law
 P. O. Box 222 CHRB
 Saipan, CM 96950

BEFORE: LAURETA, DUENAS, and FITZGERALD*, District Judges

LAURETA, Judge:

---

*The Honorable James M. Fitzgerald, Chief Judge, United States District Court of Alaska, sitting by designation.

## PROCEDURAL HISTORY

By a thirty-count criminal information filed May 23, 1986, defendant was charged under six criminal statutes with unlawfully bringing into the Commonwealth, and thereafter harboring, five alien workers. Prior to trial a superseding information was filed and five counts were dismissed.

Trial ran from June 26 to July 1, 1986. A jury heard and decided in defendant's favor the fifteen felony charges for which he was entitled to a jury. The ten misdemeanors were tried by the judge, who acquitted defendant of five and found him guilty of the remaining five.

Defendant was sentenced July 11, 1986, and timely filed his notice of appeal. This Court, on July 28, 1986, stayed execution of sentence pending appeal.

## FACTS

Appellant arranged for the recruitment in the Philippines of five women to work in his nightclub on Saipan. He first met four of them when they arrived March 25, 1986. There was testimony that at breakfast that morning appellant was told by the women that they had entered the Commonwealth illegally using forged passports, and that he then had advised them to keep quiet and tell no one. Appellant disputed this when he testified. There was testimony also that he knew that the fifth woman, who arrived April 11, 1986, had gained entry using a forged passport. It was not contradicted that he thereafter

**38**

employed the women and provided them food and shelter.

Appellant was convicted by the trial court of five counts of being an accessory after the fact to an illegal entry by an alien, in violation of 6 Commonwealth Code (CMC) §202:

> Every person who, knowing that an offense against the Commonwealth has been committed, receives, relieves, comforts, or assists the offender in order to hinder or prevent the offender's apprehension, trial or punishment, is an accessory after the fact . . .

The predicate offense was 3 CMC §4361(a), making illegal entry into the Commonwealth a misdemeanor punishable by up to ninety days imprisonment, a fine not to exceed $500, or both.

## ISSUES

1. Did the trial court abuse its discretion by indicating orally to appellant at the conclusion of rendering its verdict on the misdemeanor counts that it would deny a motion to set aside its verdict and enter a judgment of acquittal?

2. Did the trial court abuse its discretion by refusing to order a presentence investigation?

3. Did the trial court err by imposing consecutive sentences?

4. Must defendant's misdemeanor convictions fall because of inconsistent verdicts or a violation of the 5th Amendment prohibition against double jeopardy?

**39**

## ANALYSIS

1. Did the trial court abuse its discretion by indicating orally to appellant at the conclusion of rendering its verdict on the misdemeanor counts that it would deny a motion to set aside its verdict and enter a judgment of acquittal?

After the jury had been dismissed, the judge and defense counsel had the following exchange:

> THE COURT: Any recommendation for a date of sentencing?

> MR. WHITE: Your Honor, I have a chance to make some post-trial motions which I ....

> THE COURT: Yes, go ahead.

> MR. WHITE: ... intend to make. I don't think it will be appropriate for the court to set a date at this point. I will, I believe under the Rules of Criminal Procedure, I have seven days to make a motion for judgment n.o.v. or whatever and -- I'm looking for the appropriate rule ....

> THE COURT: Judgment n.o.v.?

> MR. WHITE: Rule 29. I'm sorry, I have the Civil Rules, it shows you how inexperience (sic) I am in criminal matters. Let's see, I have seven days under Rule 29(c) to make a motion and I intend to make a motion during that time.

> THE COURT: For what?

> MR. WHITE: Motion to set aside the verdict and enter a judgment of acquittal on the court's.

> THE COURT: Well, that's if the jury had entered a -- If the jury had entered a verdict of guilty ....

> MR. WHITE: Your Honor, I don't think..

...

**40**.

THE COURT: ... to any of the counts, then you have seven days to ask me to reverse that. Since I have already entered a judgment of guilty as to Count VI ....

MR. WHITE: And the court doesn't intend to consider any post-trial motions on that basis?

THE COURT: Do you want to make a motion now for reconsideration?

MR. WHITE: No, Your Honor, I don't want to make a motion. I want to have the seven days or whatever time I'm allow (sic) to have it in.

THE COURT: Read that **rule and see if** it applies to my....

MR. WHITE: I'm sorry, Your Honor is correct. That applies when a jury returns a verdict of guilty. I'm entitled to ask the court for reconsideration of the court's own verdict. I would like the time to do that.

THE COURT: How much time do you need?

MR. WHITE: How much time can I get?

THE COURT: Do you want to do it now?

MR. WHITE: Is Your Honor going to deny it?

THE COURT: Yes.

MR. WHITE: Well, then there's not much point in arguing it, is there?

THE COURT: I would like to set the matter for sentencing whenever you're going to be on island the next time.

(Tr. 22-24)

Appellant argues that this dialogue shows that his due process right to a fair and impartial consideration of post-trial motions was denied. First must be noted that the only motion

**41**

specifically mentioned by appellant was a motion for "judgment notwithstanding the verdict," by which appellant presumably meant a motion for judgment of acquittal pursuant to Rule 29 of the Criminal Rules of Procedure. This is the only "motion" addressed by the trial court. A Rule 29 motion tests the sufficiency of the evidence to sustain a conviction. It is used only in jury trials, and not in cases tried by the court, since to do so would be pointless. 8A Moore's Federal Practice, §29.02, p. 29-5.

The Rules of Criminal Procedure do not provide for a motion for reconsideration. Appellant's counsel made no mention of any grounds upon which post-trial motions would be based. No other motion was raised orally and the trial court spoke to no other motion. There is nothing in the record to support appellant's contention that he was precluded from making other motions or that he in fact tried to make post-trial motions and was prevented from doing so. The appellate court is restricted to the record before it. See, e.g., County of Chambers v. Clews, 88 U.S. 317, 324 (1874). This issue is not properly before the Court and, therefore, we cannot consider it.

2. Did the trial court abuse its discretion by refusing to order a presentence investigation?

When the trial court realized it had convicted defendant only of misdemeanors, it declined defense counsel's request that a presentence investigation report be prepared. Appellant contends he was "seriously prejudiced" by the absence

**42**

of such a report and that the sentence must be vacated.

Rule 32(c)(1) of the Commonwealth's Rules of Criminal Procedure is identical to the federal rule, and provides in part:

> The probation service of the court shall make a presentence investigation and report... before the imposition of sentence... unless... the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains the finding on the record.

Ordinarily, it is now considered better practice to order that a report be prepared prior to sentencing. See, e.g., United States v. Rosciano, 499 F.2d 166 (1974), reh. denied, 499 F.2d 173 (7th Cir. 1979). However, when the court does not order a report, defendant has the burden of showing an abuse of discretion by the court or actual prejudice to defendant from the lack of the report. United States v. Latner, 702 F.2d 947, 949 (11th Cir. 1983), cert. denied, 464 U.S. 914 (1983). The trial court should state for the record its reasons for foregoing a presentence report, but a general statement that the court believes it has all information before it necessary to hand down sentence has been upheld. United States v. Chiantese, 582 F.2d 974, 981 (5th Cir. 1978), reh. denied, 587 F.2d 508 (1978), cert. denied, 441 U.S. 922 (1979).

Rule 32(c)(2) requires that a presentence report contain 1) any prior criminal record, 2) a statement of the circumstances surrounding the offense and defendant's behavior, 3) a "victim impact" statement, and 4) any other information that might aid the court in sentencing.

**43**

Defendant was convicted of five misdemeanors. The court heard four days of testimony. Defendant was shown to have no known prior criminal record. The evidence at trial necessarily showed the circumstances surrounding the offenses and, presumably, anything affecting defendant's behavior. The impact on the victims was known to the court. The Court decided that "under the circumstances," a presentence report was not justified. Furthermore, prior to sentencing, defendant called several character witnesses. The court heard evidence of defendant's education and family background, as well as his business, social, and religious activities. The defendant made an unsworn statement to the court. There is no indication in the record on appeal that defendant was denied the opportunity to present anything he sought to present. The prosecution presented nothing.

There is no showing of actual prejudice to defendant nor does it appear that under the circumstances the trial court abused its discretion by refusing to order a presentence report.

3. Did the trial court err by imposing consecutive sentences?

The trial court found appellant guilty of five misdemeanor counts of being an accessory to the illegal entry into the Commonwealth of five alien workers. Four of the workers arrived March 25, 1986, and the fifth on April 11, 1986. Appellant was sentenced on each count to ten days imprisonment, to run consecutively, and a fine totalling $500.

Appellant argues that imposition of consecutive sentences violated his right of freedom from double jeopardy. He cites Bell v. United States, 349 U.S. 81 (1955), as establishing that absent clear statutory intent a single transaction cannot generate multiple offenses upon which multiple sentences can be based. To the same effect is Whalen v. United States, 445 U.S. 684, 704 (1980), where it was stated that the double jeopardy clause of the Fifth Amendment (applicable to the CNMI through Covenant §501 and Commonwealth Constitution Art. I, §4(e)) "at the very least precludes federal courts from imposing consecutive sentences unless authorized by Congress to do so." Appellant sees in the Commonwealth Trial Court no such authority from the CNMI Legislature.

Appellee counters that the convictions were not based upon a single act. Rather, each conviction was based upon a separate, continuing course of action. Therefore, cumulative punishment for multiple offenses arising out of the same transaction is not unconstitutional---even if the multiple offenses charged are identical---where the legislature has authorized it. Whalen v. United States, 445 U.S. at 704.

As with any statute, attention first must be paid to its wording, and therein lies resolution of this argument. Title 6 CMC §202 provides:

> Every person who, knowing that an offense against the Commonwealth has been committed, receives, relieves, comforts, or assists the offender in order to hinder or prevent the offender's apprehension, trial, or punishment, is an accessory after the fact ....

**45**

The statute speaks in terms of aiding "the offender" and can be construed fairly to mean that for each offender aided a misdemeanor has been committed. The plain meaning of the statute supports this interpretation.

It was not error to sentence appellant consecutively for each of the five misdemeanor convictions, since five different offenders and five different courses of conduct were involved.

4. Must defendant's misdemeanor convictions fall because of inconsistent verdicts or a violation of the 5th Amendment prohibition against double jeopardy?

Appellant's final argument centers on the fact that the trial court heard and convicted him of five misdemeanors while the jury acquitted him of the related felonies.

This problem arises because of the unique treatment afforded jury trials in the CNMI. A defendant is entitled to a jury trial only if the charge is a felony for which the penalty is five or more years imprisonment and/or a fine of $2,000 or more. 7 CMC §3101.[1] A jury trial is not available for lesser

---

[1] 7 CMC §3101. Right to Trial by Jury.

1) Criminal Actions. Any person accused by information of committing a felony punishable by more than five years imprisonment or by more than $2,000 fine, or both, shall be entitled to a trial by a jury of six persons. * * *

46

felonies or misdemeanors. This scheme was upheld by the Ninth Circuit Court of Appeals in CNMI v. Atalig, 723 F.2d 682 (9th Cir. 1984), cert. denied, 467 U.S. 1244 (1984). There is no other jurisdiction in which this situation could arise. There is no case law directly on point.

The situation presented here is unlike that in Atalig. Like the right to a jury trial, the prohibition against double jeopardy is recognized explicity in the CNMI Constitution. Constitution of the Commonwealth of the Northern Mariana Islands, Art. I, §4(e). Unlike the jury trial provisions, however, double jeopardy is given no special treatment due to the unique cultural and familial traditions of the Northern Mariana Islands. Therefore, we are not required to first inquire, as directed by the Ninth Court in Atalig, whether the prohibition against double jeopardy is "one of 'those fundamental limitations in favor of personal rights' which [is] the 'basis of all free government.'" CNMI v. Atalig, 723 F.2d at 690, quoting Door v. United States, 195 U.S. 138, 149 (1904). It is undeniable that it is such a limitation. Can the unique CNMI jury trial system co-exist with a traditional interpretation and application of double jeopardy standards? We hold that it can.

A. Inconsistent Verdicts

Appellee questions whether this issue is properly before the Court. It was not raised in any manner below. Case law supports both the proposition that issues not raised below

47

cannot first appear on appeal and that issues of constitutional magnitude can be argued at any time. We believe the issue should be addressed.

When the Ninth Circuit in _Atalig_ found no constitutional infirmity in the CNMI's jury scheme it must of necessity have considered and accepted the possibility of cases in which both a judge and jury would render verdicts simultaneously, the former on misdemeanors and the latter on felonies. Inconsistency of verdicts must have been deemed an unavoidable and acceptable by-product.

Appellant claims this case presents an added fillip of interest due to this incongruity: the elements of the felony offense for which defendant received a jury are all included in the misdemeanor offense for which he was convicted.[2] Oddly, to

---

[2] 3 CMC §4361. Unlawful Acts.

(a) Unlawful Entry. Any person who unlawfully enters or attempts to enter the Commonwealth or any alien who enters or attempts to enter at a place other than a designated Port of Entry, is guilty of a misdemeanor and shall be punished by not more that 90 days imprisonment, or a fine of not more than $500 or both. A subsequent conviction pursuant to this part is a felony and shall be punished by not more than two years imprisonment, or a fine of not more than $1,000 or both.

(b) Aiding, Abetting and Encouraging Illegal Entry. Any person who aids, abets, encourages, solicits or in any way assists another to enter the Commonwealth unlawfully is guilty of a misdemeanor and shall be punished by not more than 90 days imprisonment, or a fine of not more than $500 or both. A subsequent conviction pursuant to this part is a felony and shall be punished by not more than two years imprisonment, or a fine of not more than $1,000 or both.

**48**

be convicted of the misdemeanor appears to require proof of all the elements in the felony plus proof of intent to hinder or prevent the offender's apprehension, trial, or punishment. The penalty for the offense requiring less proof appears greater than for that requiring more proof.

Appellee argues that internal consistency is not required in a trial court's verdict. In Harris v. Rivera, 454 U.S. 339, 346-347 (1981), the Supreme Court held there was no inference of irregularity in a finding of guilt by the court where a co-defendant was acquitted by the court on the same evidence. More germane to the instant case is United States v. Powell, 469 U.S. ____, 105 S.Ct. 471 (1984), in which the Supreme Court upheld a jury conviction for certain offenses, even though defendant was acquitted by the jury of the felony upon which the convictions necessarily were predicated.

---

(c) Harboring Illegal Aliens. Any person who knowingly helps, assists, shelters, conceals or harbors an alien who has unlawfully entered the Commonwealth is guilty of a felony and shall be punished by not more than five years imprisonment, or a fine of not more than $5,000 or both.

(d) Entry for Unlawful Purposes. Any person who enters or attempts to enter, or aids, abets, encourages, or solicits another to enter or attempt to enter, for purposes of committing any unlawful act, is guilty of a felony and shall be punished by not more than five years imprisonment, or a fine of not more than $5,000 or both. A subsequent conviction pursuant to this part shall be punished by not more than ten nor less than two years in prison, or a fine of not more than $10,000 or both.

**49**

 No other case has been found involving, simultaneously, two triers of fact for different offenses arising from the same episode. However, analogizing as best we can to existing law, mere inconsistency of verdicts in and of itself does not appear to warrant reversal.

## B. Double Jeopardy

Appellant's final argument is that his conviction violated the 5th Amendment prohibition against twice being placed in jeopardy. The 5th Amendment applies to the Commonwealth by virtue of Covenant §501, and the Commonwealth has its own constitutional provision, Art. I §4(e), which is very similar.

---

(e) For purposes of this Section 4361, "unlawful" or "unlawfully" means in violation of any provision of this Chapter, or rules and regulations promulgated pursuant to this Chapter, or violation of any other provision of Commonwealth law.

(f) The penalties authorized or required by this Section 4361, are in addition to, and not exclusive of any other sanctions, including exclusion or deportation or civil fine, that may be authorized by law.

### 6 CMC §202. Accessory After the Fact.

Every person who, knowing that an offense against the Commonwealth has been committed, receives, relieves, comforts, or assists the offender in order to hinder or prevent the offender's apprehension, trial, or punishment, is an accessory after the fact. An accessory after the fact may be imprisoned not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for punishment of the principal, or both; or if the principal is punishable by life imprisonment, the accessory may be imprisoned not more than 10 years.

The crux of appellant's argument is that for the purpose of a double jeopardy analysis it makes no difference if the offense is tried twice before the same trier of fact or simultaneously before two triers of fact. To accept this argument one must first accept that appellant was indeed tried by both the judge and the jury for the _identical_ offense. This was not the case. Rather, as pointed out earlier, he was convicted of a misdemeanor which, incongruously, contained one element in addition to those contained in the felony. There were two separate offenses, the elements of which were similar but not identical. A reading of the statutes shows that there is not a logical flaw in the acquittals and convictions. A defendant could be found not to have aided an illegal entry but, having learned of such entry, received, relieved, comforted, or assisted the illegal entrant.

Since this situation could nowhere else appear, even analogizing to existing case law is somewhat unsatisfying. Nevertheless, of the two arguments presented, appellee's seems the weightier. To summarize:

Simultaneous prosecution of greater and lesser offenses is valid. See, e.g., Ohio v. Johnson, 467 U.S. 493 (1984). And, as shown by Dunn v. United States and United States v. Powell, above, there is no concrete requirement that either jury verdicts or court-rendered verdicts be internally consistent. Jeopardy in a jury trial attaches when the jury is sworn, Crist v. Bretz, 437 U.S. 28 (1978), and when evidence is first heard in a court-tried

**51**

case, Serfass v. United States, 420 U.S. 377 (1975). Double jeopardy cannot occur until the first proceeding ends with conviction or acquittal, or is dismissed with prejudice. Richardson v. United States, 468 U.S. 317 (1984). Therefore, it can be argued that defendant was subjected to successive verdicts but not successive jeopardy because the original jeopardy in each case was terminated, for practical purposes, simultaneously.

Finally, the double jeopardy provision was never intended to address appellant's situation:

> The underlying idea... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal, and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

Green v. United States, 355 U.D. 184, 187-188 (1957).

On balance, and in light of the Atalig decision, defendant appears to have no valid challenge to the procedure by which he was tried.

Traditional constitutional analyses will continue to be complicated by the particular quirks of CNMI law. The Court foresees repeated challenges in this area, as finer and finer distinctions are sought to be made. However, in this small, insular society, inextricably bound as it is by the myriad webs spun of culture, family, religion, and history, the public assessing of criminal liability is a difficult, vexatious process for all concerned. For better or worse the Ninth Circuit in

52

Atalig implicitly sanctioned the use of simultaneous triers of fact for felonies and misdemeanors. We find the judge/jury verdict dichotomy unusual but not unconstitutional.

The decision of the trial court is in all respects AFFIRMED.

_____
JUDGE ALFRED LAURETA

_____
JUDGE CRISTOBAL C. DUENAS

_____
JUDGE JAMES M. FITZGERALD